# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-0357** (Jefferson County 15-F-11)

**Wayne Dubuque,**
**Defendant Below, Petitioner**

**FILED**

**January 27, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Wayne Dubuque, by counsel Kevin D. Mills and Shawn R. McDermott, appeals his sentence of five consecutive terms of imprisonment in the state penitentiary of five to fifteen years each, subsequent to his plea of guilty to five counts of possession of material depicting a minor engaged in sexually explicit conduct. Respondent State of West Virginia appears by counsel Brandon C.H. Sims.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted in January of 2015 on twenty counts of various sexual assault and child pornography crimes. This indictment stemmed from the assault of petitioner's adult girlfriend, and the following materials discovered during the investigation of that assault: one CD, nine Polaroid pictures, two 4x6 pictures, five VHS cassettes, and a 2002 day planner. In November of 2015, petitioner entered a plea of guilty to Count 1, addressing the assault of the girlfriend, and Counts 5 through 9, addressing the five VHS cassettes that were found at petitioner's home. It is undisputed that Counts 5 through 7 are based on materials depicting violence to a minor, and that Counts 8 and 9 are based on material that contains 600 images.

At the plea hearing, the court acknowledged that petitioner and the State had no agreement as to whether the sentences for Counts 5 through 9—each potentially carrying a sentence of five to fifteen years—would be served consecutively or concurrently. Petitioner indicated, however, that he wished to preserve his right to appeal the "multiplicity" of the sentence with regard to Counts 5 through 9. Petitioner was sentenced, by order entered on March 15, 2016, to an aggregate term of imprisonment in the state penitentiary for 25 to 75 years for Counts 5 to 9 (which were ordered to be served consecutively), and a term of imprisonment of 10 to 25 years for Count 1 (which was ordered to be served concurrently with the others). Petitioner's guilty plea to Count 1 and the resultant sentence is not an issue in this appeal.

1

On appeal, the crux of petitioner's argument is that his indictment violates principles of double jeopardy because he has received multiple punishments for a single offense. "[A] double jeopardy claim[ is] reviewed *de novo*." Syl. Pt. 1, *State v. Sears*, 196 W.Va. 71, 468 S.E.2d 324 (1996). Petitioner argues that all images found at his home should have been considered in the aggregate for purposes of his indictment. However, we have expressly determined that "our statutes protecting children from exploitation are interpreted to mean that possession of each photograph is a separate act and is a distinct and separate unit of prosecution allowing the State of West Virginia to charge separate counts and prosecute each act of possession." *State v. Shingleton*, ___ W.Va. ___, ___, 790 S.E.2d 505, 523 (2016), *quoting Morgan v. Ballard*, No. 11–1677, 2013 WL 149602 (W.Va. Jan. 14, 2013) (memorandum decision). There was no error in the indictment.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 27, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISSENTING:**

Justice Robin Jean Davis